UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEAN C. IMBERT,

                     *Plaintiff,*

– against –

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                     *Defendant.*

**MEMORANDUM & ORDER**
24-cv-02275 (NCM)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Jean C. Imbert brings this action against the Commissioner of the Social Security Administration, challenging the denial of his application for social security disability insurance benefits. Compl. at 1.[1] The Commissioner moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (the "Motion"), requesting that the case be remanded to the Social Security Administration ("SSA") for further proceedings. Plaintiff did not file a response. For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff applied for disability insurance benefits in September 2020, alleging that his medical conditions of pre-diabetes, stage 4 kidney disease, presence on the kidney transplant list, and hypertension caused him to stop working. Certified Administrative Transcript ("Tr.") 221–24, 253–55, ECF No. 8. Prior to ending his employment in April

---

[1] The Court uses the ECF-generated page numbers indicated in the heading of filed documents when referencing the Complaint.

1

2020, plaintiff worked as an Uber driver for four years and a department manager at a retail location for twenty years. Tr. 256.

Plaintiff's claim for disability benefits was initially denied in May 2021, and was again denied on reconsideration in September 2021. Tr. 87, 113. On plaintiff's request, the presiding Administrative Law Judge ("ALJ") held a hearing on March 16, 2022. Tr. 53, 144. At the hearing, plaintiff testified that he was unable to work because of pain, swelling, and dizziness. Tr. 64–65. Plaintiff further testified that he used a cane to walk or otherwise move when an activity required "a lot of strength to do something." Tr. 66.

By April 2022, plaintiff had acute kidney failure and stage 5 chronic kidney disease. Tr. 683. Plaintiff was informed that he would need to begin dialysis until he received a kidney transplant. Tr. 683.

On May 25, 2022, the ALJ issued an unfavorable written decision on plaintiff's benefit application. Tr. 29. The ALJ found that plaintiff had "not been under a disability within the meaning of the Social Security Act from April 1, 2020, through the date of [his] decision." Tr. 33. While the ALJ recognized a range of severe and non-severe impairments, including chronic kidney disease and hypertension, he concluded that plaintiff's impairments did not meet the requisite severity for benefit eligibility. Tr. 35–36. Furthermore, the ALJ found that plaintiff "has the residual functional capacity to perform light work" with some exceptions such as refraining from unprotected heights. Tr. 36.

In February 2024, the Social Security Administration denied plaintiff's request to review the ALJ's decision, making the ALJ's determination final. Tr. 1. In March 2024, plaintiff brought the instant action against the Commissioner of the Social Security Administration, appealing the denial of disability benefits. Compl. at 4.

**STANDARD OF REVIEW**

A district court reviewing a final decision of the Commissioner of Social Security is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see* Fed. R. Civ. P. 12(c) (allowing courts to enter a judgment on the pleadings). A court must determine (1) "whether the correct legal standards were applied," and (2) "whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005); *see also Rucker v. Kijakazi,* 48 F.4th 86, 90–91 (2d Cir. 2022).[2]

Where the presiding ALJ did not apply the correct legal standard or sufficiently develop the record, a court may remand the case. *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999); *see e.g.*, *Saposnick v. Kijakazi*, No. 23-cv-03600, 2024 WL 3647658, at *2–3 (E.D.N.Y. Aug. 5, 2024) (remanding for further proceedings where ALJ erred in applying appropriate standard and record was underdeveloped); *Medranda v. O'Malley,* No. 23-cv-06633, 2024 WL 4100567, at *8–9 (S.D.N.Y. Sept. 6, 2024) (remanding for further proceedings to develop a more complete record).

The Court liberally construes pleadings and briefs submitted by *pro se* litigants to raise the strongest arguments they suggest. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). This principle also applies to *pro se* litigants seeking review of the denial of Social Security benefits. *See Zulekia A.R. v. Comm'r of Soc. Sec.*, No. 23-cv-05826, 2024 WL 4136801, at *3 (S.D.N.Y. July 19, 2024), *report and recommendation*

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

*adopted sub nom. Rosario v. Comm'r of Soc. Sec.*, No. 23-cv-05826, 2024 WL 4136803 (S.D.N.Y. Aug. 26, 2024).

Where, like here, a *pro se* litigant has not opposed the Commissioner's motion for judgment on the pleadings, a court "must [still] review the record and determine whether the moving party has established that the undisputed facts entitle it to judgment as a matter of law." *Langston v. Comm'r of Soc. Sec.*, No. 21-cv-00723, 2024 WL 127850, at *3 (E.D.N.Y. Jan. 11, 2024) (*quoting Acheampong v. Comm'r of Soc. Sec.*, 564 F. Supp. 3d 261, 265 (E.D.N.Y. 2021)).

## DISCUSSION

In reviewing the statutory and regulatory disability benefit requirements and the ALJ's determination, the Court finds that remand is appropriate for further proceedings because the ALJ did not apply the correct legal standard.

### I.   Statutory and Regulatory Disability Benefit Requirements

The SSA administers social security disability insurance benefits and other benefits to eligible applicants. *See generally* 42 U.S.C. §§ 401 *et. seq.* To secure benefits, an applicant must demonstrate, among other things, that his disability causes him to be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner, acting through a presiding ALJ, assesses whether an applicant meets the statutory definition of disabled by undertaking a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The Commissioner only advances to the next step where a determination of an applicant's disability status cannot be made at that stage. *Id.*

4

The first step is to evaluate the applicant's work activity, for a disability determination will be denied where an applicant is engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the Commissioner "considers the medical severity of the claimant's impairment or combined impairments." *Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 147 (2d Cir. 2024) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). The third step is a determination on whether the applicant's impairments "meets or equals" one of the listings in appendix 1 of Part 404, Subpart P ("Listed Impairment"). 20 C.F.R. § 404.1520(a)(4)(iii). At step four, the Commissioner assesses the claimant's "residual functional capacity" ("RFC") and past relevant work. *Id.* § 404.1520(a)(4)(iv). The fifth and final step is to consider whether an applicant, given his RFC, age, education, and work experience, can perform other work. *Id.* § 404.1520(a)(4)(v).

The claimant "bears the burden of proof in the first four steps of the sequential inquiry." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). However, at step five, the Commissioner has a burden "to show that other work exists in significant numbers in the national economy that the claimant can do." *Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

In evaluating medical opinions, the Commissioner considers the persuasiveness of each medical opinion using the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c(c)(1)–(5). The most important factors in the Commissioner's determination are supportability and consistency. *Rubin*, 116 F.4th at 148. The Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [the applicant's] medical sources." 20 U.S.C. § 404.1520c(a).

5

## II. The ALJ's Determination

The ALJ found at step one that plaintiff had not engaged in substantial gainful activity since April 1, 2020, which was the alleged disability onset date. Tr. 35. At step two, the ALJ found that plaintiff had two severe impairments, chronic kidney disease and hypertension, that "significantly limit the ability to perform basic work activities," and several non-severe impairments. Tr. 35. However, at step three, the ALJ found that plaintiff's conditions did not meet or equal the severity of a Listed Impairment "because the medical evidence does not show any sign of reduced glomerular function," that would be indicated by evidence such as kidney-related hospitalizations and other metrics. Tr. 36.

The ALJ determined at step four that the plaintiff lacked a disability as defined in the Social Security Act from April 1, 2020 through the decision, for plaintiff has the RFC to perform light work with some exceptions. Tr. 36, 41. Acknowledging plaintiff's "listed deficits in lifting, squatting, bending, standing, reaching, walking, kneeling, stair climbing, and completing tasks," the ALJ also noted plaintiff's ability to walk 50 feet before resting, frequent bathroom visits, and reliance on his wife to complete household tasks, including meal preparation. Tr. 37.

In analyzing plaintiff's claim, the ALJ reviewed medical records from treating and consulting physicians, categorizing numerous medical examinations as "routine," "normal," and "unremarkable." Tr. 37–38. The ALJ assessed the persuasiveness of each doctor's opinion, finding the opinion of plaintiff's treating doctor, Dr. Cohen, unpersuasive. Tr. 41. More specifically, the ALJ noted that Dr. Cohen's treatment was "very restrictive when considering that [plaintiff's] hypertension and chronic kidney disease were generally under control" and "did not significantly interfere with the

6

claimant's daily activities as evidenced with his Uber driving and walking his dog two miles per day." Tr. 41.

The ALJ ultimately found that plaintiff's statements on the intensity, persistence, and limiting effects of his symptoms were inconsistent with the medical evidence. Tr. 40. In particular, the ALJ found that plaintiff's "levels were not at the point where he would be permitted to undergo a transplant and his physical activity was good." Tr. 40.

The ALJ also separately found that plaintiff was capable of performing past relevant work as a department manager and Uber driver. Tr. 41. Noting that plaintiff performed his manager position at a light exertion level and his Uber driving at a medium exertion level, the ALJ found compelling the vocational expert's testimony that plaintiff could perform either position at a light exertion level and thus be consistent with the ALJ's determination of plaintiff's RFC. Tr. 41.

### III. The Court's Analysis of the ALJ's Determination

In analyzing the ALJ's determination, the Court finds that the ALJ appears to have improperly weighed the opinion of plaintiff's treating physician. Although a treating physician does not receive deference, 20 C.F.R. § 404.1520c(a), an ALJ is still required to assess, among other things, the supportability and consistency of a medical opinion, *id.* § 404.1520c(c)(1)–(5).

Here, it appears that the ALJ has overcorrected, refraining from giving deference to Dr. Cohen's opinion by giving it "little consideration." *See* Tr. 41. The Court finds the ALJ's assessment to be particularly problematic because the ALJ made incorrect statements in rationalizing his decision to not consider Dr. Cohen's opinion. Tr. 35, 37. More specifically, the ALJ found that plaintiff's hypertension and chronic kidney disease "were generally under control" and "did not significantly interfere with the claimant's

7

daily activities" because of plaintiff's "Uber driving and walking his dog two miles per day." Tr. 41. To the contrary, the record indicates that plaintiff's chronic kidney disease was steadily worsening. Since his initial application, plaintiff was placed on the kidney transplant list, progressed to stage 5 kidney disease, and was informed that he would need to begin dialysis. Tr. 664, 683. Further, the record indicates that plaintiff ceased Uber driving in April 2020, a fact separately acknowledged in the ALJ's step one finding. *See* Tr. 35, 58. And although the record indicates daily dog walks as late as September 2021, Tr. 546, plaintiff testified in March 2022 that he uses a cane to move, walk, or when an activity requires "a lot of strength to do something." Tr. 66. Thus, rather than acknowledging plaintiff's worsening conditions, the ALJ found Dr. Cohen's treatment to be unnecessarily restrictive and inconsistent with a level of impairment that was outdated at the time of the ALJ's decision. *See* Tr. 41.

Therefore, the ALJ fails to resolve conflicting evidence of plaintiff's impairments even though the SSA is generally tasked with resolving such conflicts. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). The conflicting evidence similarly undermines the ALJ's decision to give "little consideration" to Dr. Cohen's opinion. *See* Tr. 41. Although the ALJ finds Dr. Cohen's opinion "not supported" by and "not consistent" with the medical evidence, this evaluation, as noted above, is itself inconsistent with the evidence of plaintiff's worsening condition. *See* Tr. 41. Supportability requires that supporting relevant evidence results in a more persuasive medical opinion. *See* 20 C.F.R. § 404.1520c(c)(1). Yet here, the ALJ appears to discount the more timely, relevant evidence Dr. Cohen uses and ultimately finds Dr. Cohen's opinion to be unpersuasive because it is inconsistent with earlier medical sources. *See* Tr. 40–41. Relatedly, the ALJ did not appear to assess other factors, such as Dr. Cohen's

8

relationship with plaintiff, a factor meant to "help demonstrate whether the medical source has a longitudinal understanding of [the applicant's] impairment." *See* 20 C.F.R. § 404.1520c(c)(3)(i). The Court thus finds that the ALJ did not apply the correct legal standard, which notes the appropriate factors and persuasive weight to consider when evaluating medical opinions. *See* 20 C.F.R. § 404.1520c.[3]

The Court finds that remand is warranted for further proceedings to apply the correct legal standard, resolve inconsistencies, and develop the record.

## CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings is **GRANTED**. This case is remanded to the Social Security Administration for further proceedings.

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this order to plaintiff.

**SO ORDERED.**

                                                                                          */s/ Natasha C. Merle*
                                                                                          NATASHA C. MERLE
                                                                                         United States District Judge

Dated:        November 26, 2024
               Brooklyn, New York

---

[3] The Court declines to determine whether, with an appropriate application, plaintiff is disabled as defined by the Social Security Act and therefore finds remanding solely for the calculation of benefits to be inappropriate. *See Rucker,* 48 F.4th at 95.

9